IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br> Plaintiff, | § <br> § <br> § <br> § | |
| VS. | § <br> § | CIVIL ACTION NO. |
| MRC EDGEWATER d/b/a Edgewater Retirement Community | § <br> § <br> § | COMPLAINT |
| and | § <br> § <br> § | JURY TRIAL DEMANDED |
| METHODIST RETIREMENT COMMUNITIES d/b/a United Methodist Retirement System, <br> Defendants. | § <br> § <br> § <br> § | |

## NATURE OF THE ACTION

1.      This is an action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 et seq. ("ADEA") to correct unlawful employment practices on the basis of age and to provide appropriate relief to Ivan Arceneaux who was adversely affected by such practices. In this lawsuit, Plaintiff, Equal Employment Opportunity Commission ("Commission"), alleges that on or about July 2006, Defendants MRC EDGEWATER d/b/a Edgewater Retirement Community ("Edgewater") and METHODIST RETIREMENT COMMUNITIES d/b/a United Methodist Retirement System ("Methodist") unlawfully failed to hire Mr. Arceneaux for the position of coordinator because of his age, then 78.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343

and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the ADEA, 29 U.S.C.

§626(b), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of

1938 ("FLSA"), as amended, 29 U.S.C. §§216(c) and 217.

     3.    Venue is proper within the jurisdiction of the United States District Court for the

Southern District of Texas, Galveston Division.

     4.    The employment practices alleged to be unlawful were committed in Galveston, Texas

which is within the jurisdiction of the United States District Court for the Southern District of Texas,

Galveston Division.

PARTIES

     5.    Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the

agency of the United States of America charged with the administration, interpretation and

enforcement of the ADEA, and is expressly authorized to bring this action by Section 7(b) of the

ADEA, 29 U.S.C. §626(b), as amended by Section 2 of the Reorganization Plan No. 1 of 1978, 92

Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

     6.    Defendant MRC EDGEWATER d/b/a Edgewater Retirement Community ("Edgewater")

is a Texas corporation that has continuously been doing business in the State of Texas and the City

of Houston and has continuously had at least twenty (20) employees.

     7.    Defendant METHODIST RETIREMENT COMMUNITIES d/b/a United Methodist

Retirement System ("Methodist") is a Texas corporation that has continuously been doing business

in the State of Texas and the City of Houston and has continuously had at least twenty (20)

employees.

     8.    At all relevant times, Defendant MRC EDGEWATER d/b/a Edgewater Retirement

2

Community ("Edgewater")has continuously been an employer within the meaning of Section 11(b), (g), and (h) of the ADEA, 29 U.S.C. §630(b), (g), and (h).

9.    At all relevant times, Defendant METHODIST RETIREMENT COMMUNITIES d/b/a United Methodist Retirement System ("Methodist") has continuously been an employer within the meaning of Section 11(b), (g), and (h) of the ADEA, 29 U.S.C. §630(b), (g), and (h).

## CONCILIATION

10.    Prior to institution of this lawsuit, the Commission's representatives attempted in good faith to eliminate the unlawful employment practices alleged below, and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of §7(b) of the ADEA, 29 U.S.C. §626 (b).

## STATEMENT OF CLAIMS

11.    On or about July 2006, Ivan Arceneaux sought and applied for the job of Meals on Wheels Coordinator, a job opening that Defendants had posted earlier that month. Mr. Arceneaux was 78 years old at the time of his application. Although Mr. Arceneaux was qualified for the job and met all of Defendants qualifying criteria, he was not interviewed or selected for the position. Defendants instead hired a significantly younger applicant (then age 55) who was less qualified than Mr. Arceneaux. At that time, the employment application utilized by defendants required applicants to indicate whether or not they were age seventy (70) or older.

12.    In refusing to hire Mr. Arceneaux, Defendants violated §4(a)(1) of the ADEA, 29 U.S.C. §623(a)(1).

13.    The effect of these unlawful practices complained of above have been to deprive Mr. Arceneux of equal employment opportunities, and to otherwise adversely affect his status as an

applicant for employment because of his age.

14.     The unlawful employment practices complained of above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants MRC EDGEWATER d/b/a Edgewater Retirement Community ("Edgewater") and METHODIST RETIREMENT COMMUNITIES d/b/a United Methodist Retirement System ("Methodist"), their officers, successors, assigns and all persons in active concert or participation with them, from engaging in age discrimination in lays off and/or discharges, and from engaging in any other employment practice which discriminates against individuals 40 years of age and older on the basis of age.

B.     Order Defendants MRC EDGEWATER d/b/a Edgewater Retirement Community ("Edgewater") and METHODIST RETIREMENT COMMUNITIES d/b/a United Methodist Retirement System ("Methodist") to institute and carry out  policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of their past and present unlawful employment practices.

C.     Grant a judgment requiring Defendants MRC EDGEWATER d/b/a Edgewater Retirement Community ("Edgewater") and METHODIST RETIREMENT COMMUNITIES d/b/a United Methodist Retirement System ("Methodist") to make whole Ivan Arceneaux by providing appropriate back wages, in an amount to be determined at trial, and an equal sum as liquidated damages, or pre-judgment interest in lieu thereof, to Mr. Arceneaux.

D.     Order Defendants MRC EDGEWATER d/b/a Edgewater Retirement Community

("Edgewater") and METHODIST RETIREMENT COMMUNITIES d/b/a United Methodist Retirement System ("Methodist") to make Mr. Arceneaux whole by providing the affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices, including, but not limited to, instatement into employment of Ivan Arceneaux, or order an award of front pay if instatement is impractical.

E.      Grant such further relief as the Court deems necessary and proper in the public interest.

F.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.


Respectfully submitted,


RONALD S. COOPER
General Counsel


GWENDOLYN REAMS
Associate General Counsel
EQUAL    EMPLOYMENT    OPPORTUNITY
COMMISSION
1801 L. Street, N.W.
Washington, D.C. 20507


JIM SACHER
Regional Attorney


*/s/ Rudy L. Sustaita*

RUDY L. SUSTAITA

Attorney-in-Charge

Texas Bar No. 19523560

Federal ID No. 11850

EQUAL     EMPLOYMENT     OPPORTUNITY
COMMISSION

Houston District Office

1919 Smith Street, 7th Floor

Houston, Texas 77002

Telephone: (713) 209-3400